1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**EASTERN DISTRICT OF CALIFORNIA**

9
10

| | |
|---|---|
| DONELL THOMAS HAYNIE, | ) Case No.: 1:16-cv-01561-BAM (PC) |
| Plaintiff, | ) |
| | ) SCREENING ORDER DISMISSING AMENDED |
| v. | ) COMPLAINT FOR FAILURE TO STATE A |
| | ) COGNIZABLE CLAIM, WITH LEAVE TO |
| M. VOONG, et al., | ) AMEND |
| | ) |
| Defendants. | ) (ECF No. 9) |
| | ) |
| | ) **THIRTY (30) DAY DEADLINE** |
| | ) |
| | ) |

11
12
13
14
15
16
17

18     Plaintiff Donell Thomas Haynie ("Plaintiff"), a state prisoner proceeding pro se and informa

19 pauperis, filed this action pursuant to 42 U.S.C. § 1983, on October 17, 2016. Plaintiff then filed a first

20 amended complaint on March 17, 2017.  Currently before the Court for screening is Plaintiff's first

21 amended complaint filed on March 17, 2017. (ECF No. 9.)

22     **I.     <u>Screening Requirement</u>**

23     The Court is required to screen complaints brought by prisoners seeking relief against a

24 governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. §

25 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

26 malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

27 from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. §

28 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.   **Plaintiff's Complaint**

Plaintiff is currently housed at the California Correctional Institution (CCI) in Tehachapi, California, where the events at issue occurred. Plaintiff names M. Voong, chief of appeals, M. Hodges, Captain, and E. Garcia, Warden as defendants in the case. Plaintiff alleges as follows. On January 14, 2016, Plaintiff arrived at CCI. Plaintiff attended a classification committee meeting on January 27, 2016. Plaintiff was told that he would be restricted to non-contact visits with minors because of a juvenile hearing in 2001, when Plaintiff was 15 years old. Plaintiff had never been told that his visits were restricted and that prior to arriving at CCI, he had been allowed to receive visitors with minors present. He was also employed in 2012 and 2013 in the visiting room at Kern Valley State Prison where minors were present.

On February 22, 2016, Plaintiff filed an appeal and requested that his visitation be investigated as he was trying to schedule a visit with his 13 year old daughter. On April 8, 2016, Plaintiff received a response from Chief Deputy Warden E. Garcia. The appeal response granted Plaintiff's request for a quick investigation and denied Plaintiff's request for visitation with minors. Plaintiff received a third level response on July 25, 2016 stating that Plaintiff was "well aware" of the imposed visiting restrictions and dismissed the appeal. Plaintiff alleges that the dismissal failed to provide the information that indicated Plaintiff was aware or waived his visitation rights. The third level appeal failed to recognize that Plaintiff had received visits with minors before and failed to acknowledge that a hearing was not conducted to determine if Plaintiff was a threat.

Plaintiff alleges Defendant Voong is legally responsible for overall operation of inmate appeals. Defendant Hodges, as captain, was assigned to review the appeal at the third level. Defendant Garcia is the Warden and legally responsible for the operation of CCI.

Plaintiff has been unable to visit with his family for contact visits. Contact visits are for 6 hours while no-contact visits are only behind a glass for a maximum of 1 hour. Plaintiff has stress, anxiety, high blood pressure, for not having contact with his family. Plaintiff sues each defendant in their official and individual capacities and seeks $1 million from each defendant and punitive damages of $2 million.

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is short but fails to state a claim. Plaintiff must allege what each person did that he believes violated his right. Plaintiff will be granted leave to amend his complaint. If Plaintiff elects to amend, he must state in clear and plain language the basis of his claim, including the facts (such as names, dates, and events) concerning what a defendant or defendants did or did not do that violated his constitutional rights.

## B. Supervisory Liability

Plaintiff names M. Voong, chief of appeals, M. Hodges, Captain, and E. Garcia, Warden as defendants. Plaintiff alleges that these Defendants have the legal responsibility for operations of the inmate appeals and of the institution.

Plaintiff is informed that supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Under section 1983, Plaintiff must allege factual support to show that each defendant personally participated in the deprivation of his rights. Plaintiff must allege factual support to show that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676. To the extent Plaintiff seeks to state a claim against Defendants Voong, Hodges, or Garcia, or any supervisory defendant, based on a policy, he must identify that policy, plead facts showing he was deprived of a constitutional right, and show that the policy was the cause, or

moving force, of the violation or deprivation of his rights. He must also plead facts showing a sufficient connection between the defendant and the policy.

### C. Contact Visits with Daughter

The Due Process Clause itself does not confer on inmates a liberty interest in a particular classification status. See Moody v. Daggett, 429 U.S. 78, 88, n. 9 (1976). The existence of a liberty interest created by state law is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

Under certain circumstances, labeling a prisoner with a particular classification may implicate a liberty interest subject to the protections of due process. Neal v. Shimoda, 131 F.3d 818, 830 (9th Cir. 1997) ("[T]he stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections.").

It is unclear whether Plaintiff's claim is that he was wrongly classified as a sex offender. Regardless, he does not allege that any named defendant was involved in the classification. He only alleges that they did not correct the situation on appeal.

Plaintiff's main allegation is that because of his wrongful classification, he cannot have contact visits with his daughter. An inmate has no federal constitutional right to contact visitation. Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 461 (1989) ("The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' ... and therefore is not independently protected by the Due Process Clause."); Block v. Rutherford, 468 U.S. 576, 589 (1984); Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir. 2002) (en banc) ("it is well-settled that prisoners have no constitutional right while incarcerated to contact visits or conjugal visits.") (quoted in Shallowhorn v. Molina, 572 Fed.Appx. 545, 547 (2014)). "[I]t is well-settled that prisoners have no constitutional right while incarcerated to contact visits." Dunn v. Castro, 621 F.3d 1196, 1202 (9th Cir. 2010). Accordingly, this claim is not a cognizable basis for relief.

5

Although it is well established that the First Amendment protects parent-child association, Board of Dir. v. Rotary Club, 481 U.S. 537, 545, 107 S.Ct. 1940, 95 L.Ed.2d 474 (1987), and a parent generally has a "fundamental liberty interest" in "the companionship and society of his or her child," Santosky v. Kramer, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), it nonetheless remains true that those rights can be significantly curtailed during incarceration. See Overton v. Bazzetta, 539 U.S. 126, 131, 133, 123 S.Ct. 2162 (2003); see Turner v. Safeley, 482 U.S. 78, 89-91, 107 S.Ct. 2254 (1987) (we held that four factors are relevant in deciding whether a prison regulation affecting a constitutional right that survives incarceration withstands constitutional challenge: whether the regulation has a " 'valid, rational connection' " to a legitimate governmental interest; whether alternative means are open to inmates to exercise the asserted right; what impact an accommodation of the right would have on guards and inmates and prison resources; and whether there are "ready alternatives" to the regulation.)

Plaintiff has failed to state a cognizable claim as to his classification. Plaintiff has also failed to state a cognizable claim as to contact visits with his daughter. Leave to amend will be granted.

### D. Inmate Grievance Process

Plaintiff appears to bring suit against the defendants based on the handling and denial of his inmate appeals (grievances), including failure to correct his classification. However, Plaintiff cannot pursue any claims against staff relating to their involvement in the administrative processing or review of his prisoner grievances. Prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 556 U.S. at 677; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on an appeal, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640. Prison officials are not required under federal law to process inmate grievances in a specific way or to

respond to them in a favorable manner. Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process grievances. See, e.g., Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment).

To the extent Plaintiff is attempting to state a claim for failure to process his inmate appeal, he is informed that there is no right to any particular grievance process and failure to properly process a grievance does not violate his due process rights. Similarly, a defendant cannot be liable where the defendant's only involvement is in the appeal process.

### E. Official Capacity

Plaintiff sues each Defendant in their individual capacity and in their official capacity.

Plaintiff is hereby informed that "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Suits for injunctive relief are also generally barred. See Nat'l Audubon Soc'y v. Davis, 307 F.3d 835, 847 (9th Cir. 2002). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. System, 939 F.2d 676, 680 fn.2 (9th Cir. 1991).

Thus, Plaintiff may only proceed against any defendant for money damages in their individual capacity.

### IV.     Conclusion and Order

The Court finds that the first amended complaint fails to state any cognizable claim upon which relief may be granted. The Court will grant Plaintiff an opportunity to cure the deficiencies identified above which Plaintiff believes, in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

If Plaintiff chooses to amend his complaint, he may not change the nature of this suit by adding

new, unrelated claims in his first amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). The amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey</u>, 693 F.3d at 927. Therefore, unless the Court orders otherwise, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint filed on March 17, 2017 (ECF No. 9) is dismissed for the failure to state a claim upon which relief may be granted with leave to amend;

2. The Clerk's Office shall send to Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint or a notice of voluntary dismissal; and

4. **If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim and failure to obey a court order.**.

IT IS SO ORDERED.

Dated: __**October 5, 2017**__         ___/s/ *Barbara A. McAuliffe*___
                                      UNITED STATES MAGISTRATE JUDGE